NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| TERESA A. LUNBECK, | ) | |
| | ) | Supreme Court No. S-16926 |
| Appellant, | ) | |
| | ) | Alaska Workers' Compensation |
| v. | ) | Appeals Commission No. 17-022 |
| | ) | |
| FIRST GROUP AMERICA, INC. and | ) | MEMORANDUM OPINION |
| NEW HAMPSHIRE INSURANCE CO., | ) | AND JUDGMENT* |
| | ) | |
| Appellees. | ) | No. 1703 – November 28, 2018 |
| | ) | |

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Teresa A. Lunbeck, pro se, North Pole, Appellant. Krista M. Schwarting, Griffin & Smith, Anchorage, for Appellees.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

I.    INTRODUCTION

The Alaska Workers' Compensation Board dismissed a worker's case after she, through an attorney, settled a third-party personal-injury action related to her work injury without the employer's or its workers' compensation carrier's consent. After her attorney withdrew, she represented herself and filed a notice of appeal and several other documents with the Alaska Workers' Compensation Appeals Commission more than

---

*    Entered under Alaska Appellate Rule 214.

ten days after the deadline for filing a notice of appeal, but did not explain why the appeal was filed late. The employer objected, and the Commission dismissed the appeal. We affirm the Commission's decision.

## II.    FACTS AND PROCEEDINGS

Teresa Lunbeck drove a school bus for First Student in the Fairbanks area in 2011; she injured her shoulder in a motor-vehicle collision when a trailer came off a truck and struck the bus. Lunbeck filed a written workers' compensation claim for multiple benefits in early September 2012.

Attorney J. John Franich entered an appearance on Lunbeck's behalf in November 2012. As of January 2013, Lunbeck had not yet filed a third-party personal-injury claim against the truck driver, and the workers' compensation insurance carrier was "concerned because the statute (AS 23.30.015) runs in July" and its attorney "would rather not file a third-party action."[1]

---

[1]    Alaska Statute 23.30.015 sets out the rights and obligations of employers and employees when a third party may be liable for the compensable injury. Either an employee or, in some circumstances an employer, may bring a personal injury action against the third party. AS 23.30.015(b)-(d). Under AS 23.30.015(f) and (g), an employer must pay compensation even if the employee brings a personal injury action against the third party, and an employee who recovers money in a personal injury action must reimburse the employer for any workers' compensation paid on account of the injury. If an employee settles a personal injury action for an amount less than the compensation to which she would be entitled without getting written approval from the employer, the employer is not liable for compensation. AS 23.30.015(h). The compensation carrier is substituted for the employer when the employer has workers' compensation insurance. AS 23.30.015(i).

The statute of limitations for personal injury actions is two years, AS 09.10.070, so any personal injury action against the truck driver needed to be filed within two years of the accident.

On February 14, 2013, the compensation carrier's attorney wrote Franich and told him that if Lunbeck had "not filed a complaint by March 1, 2013," the carrier "intend[ed] to seek an assignment to ensure that a complaint is filed prior to the statute of limitations running." On March 28 the carrier petitioned the Board "for an assignment . . . pursuant to AS 23.30.015." The Board granted the request on April 23.

Franich filed a complaint in the third-party action on April 30, 2013. Shortly thereafter the parties entered into a stipulation on the record, reassigning to Lunbeck the right to recover damages against the driver; the Board hearing officer presiding at the prehearing conference accepted the stipulation. In February 2015 Lunbeck settled the claim against the truck driver without getting written approval from the compensation carrier. Franich wrote to the compensation carrier's attorney, informing her of the settlement. On April 22, 2016, Franich withdrew as counsel for Lunbeck. A nonattorney representative, Terry Smith, began to assist Lunbeck with her workers' compensation claim later in 2016. The Board agreed to "h[o]ld in abeyance" an affidavit of readiness for hearing filed earlier so that Smith and Lunbeck could conduct further discovery.

In March 2017 the employer filed a petition to dismiss the case on two alternative grounds: failure to file a timely hearing request under AS 23.30.110(c) or failure to get the compensation carrier's approval of the third-party settlement under AS 23.30.015(h). The Board held a hearing on the petition in July. Franich testified at the hearing, and according to the Board decision, he said that "he did not have the third-party settlement agreement approved by the Employer in writing because he did not [think of] it at the time."

The Board dismissed the case because it was uncontested that Lunbeck had settled the third-party case without the carrier's written consent; as a result,

AS 23.30.015(h) barred her claim. The Board denied the request for dismissal under AS 23.30.110(c) because it decided that Lunbeck had complied with that statute.

On September 21, 2017, the Board denied Lunbeck's reconsideration request, which was based on AS 23.30.110. In its decision denying reconsideration, the Board explained it had not addressed the facts Lunbeck raised on reconsideration because the original Board decision had been favorable to Lunbeck on the AS 23.30.110(c) issue. The Board again said it had dismissed her case "pursuant to AS 23.30.015(h) because [her] counsel did not receive approval from the Employer for the third party settlement." The Board noted that Lunbeck had not "allege[d] mistake of law or fact related to the AS 23.30.015(h) petition" and told Lunbeck the issues she had raised on reconsideration were "irrelevant to this issue."

On November 6, 2017, Lunbeck filed a notice of appeal with the Commission. She also filed a motion for extension of time,[2] in which she asked for "a[n] extension of time to prepa[]re the above matter in this case." Her statement of grounds for appeal set out two points, one related to reemployment benefits and one related to AS 23.30.110(c). She did not explain why she had filed her notice of appeal more than 30 days after the reconsideration decision.[3]

On November 16 the employer filed "objections" to Lunbeck's points on appeal, pointing out that the Board had not dismissed the claim on AS 23.30.110(c) grounds and asserting that "the point specified is not appealable" because it was irrelevant. The employer contended that Lunbeck "failed to list a rationale for her late-filed appeal" and asked the Commission not to permit her to amend her points on appeal.

---

[2]    *See* 8 Alaska Administrative Code (AAC) 57.140 (2011) (authorizing motions for extension of time and routine extensions of time).

[3]    *See* AS 23.30.127(e) (setting out deadline for appeals to Commission).

Applying the statute and its regulations, the Commission denied Lunbeck's "motion for an extension of time to file her notice of appeal" and dismissed the appeal. Lunbeck appeals to this court.

## III. DISCUSSION

The only issue before us is the Commission's dismissal of Lunbeck's appeal. We limit our review of an agency's application of its own regulation to the facts of a case "to whether the agency's decision was arbitrary, unreasonable, or an abuse of discretion."[4]

The Commission dismissed Lunbeck's appeal because it was untimely and she offered no explanation for filing late. On appeal to us, Lunbeck argues that the Board erred in dismissing her claim for failure to file a timely affidavit of readiness for hearing. But the Board did not dismiss her claim on this ground. The Board dismissed her claim because she settled her personal-injury lawsuit against the driver whose trailer hit the bus without first getting approval from her employer.

Lunbeck does not offer any argument why the Commission erred when it dismissed her appeal, nor does she give any reason why the appeal was filed late. In the absence of any explanation for her delay in filing her appeal to the Commission, and in light of her original and continued effort to appeal a decision the Board never made, we find no error in the Commission's decision.

We AFFIRM the decision of the Alaska Workers' Compensation Appeals Commission.

---

[4] *Griffiths v. Andy's Body & Frame, Inc.*, 165 P.3d 619, 623 (Alaska 2007) (quoting *Hodges v. Alaska Constructors, Inc.*, 957 P.2d 957, 960 (Alaska 1998)).